IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUDRE MCMILLAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 22-670 |
| | : | |
| **KENNETH EASON, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, THE DISTRICT ATTORNEY OF BUCKS COUNTY** | : : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                               **August 18, 2022**

      A state court jury convicted Qudre McMillan of several violent crimes in 2015 and the judge sentenced him to twenty-to-forty years of incarceration on July 13, 2015. He unsuccessfully appealed to the Pennsylvania Superior Court but never timely sought the Pennsylvania Supreme Court's review. He then petitioned for post-conviction relief on November 17, 2017, arguing the ineffectiveness of his trial counsel. The trial court denied his post-conviction petition and the Superior Court affirmed the denial. He then timely appealed and the Pennsylvania Supreme Court denied review on November 30, 2021. Following his series of appeals, Congress's one-year statute of limitations to file a petition for writ of habeas corpus expired on January 5, 2022. Mr. McMillan petitioned for habeas relief on February 11, 2022, missing his January 5 deadline by over a month. Judge Heffley recommended we deny his petition as untimely with no basis for tolling. Mr. McMillan objects arguing his deadline extended into February 2022 because his state court judgment of conviction did not become final until his time to seek the United States Supreme Court's direct review expired—even though he never sought the Pennsylvania Supreme Court's review. Mr. McMillan alternatively argues we should extend his deadline because he could have sought the United States Supreme Court's review of his post-conviction filings. His arguments

lack merit as found by Judge Heffley. We overrule his objections. We adopt and approve Judge Heffley's Report and Recommendation and dismiss his petition. We find no basis for a certificate of appealability.

**I.      Background**

A Bucks County jury convicted Qudre McMillan of rape by threat of forcible compulsion, robbery by threat of serious bodily injury, robbery by force, terroristic threats, theft by unlawful taking, criminal conspiracy to commit robbery by threat of serious bodily injury, and criminal conspiracy to commit theft.[1] The state court judge sentenced Mr. McMillan to twenty-to-forty years of incarceration on July 13, 2015.[2]

Mr. McMillan timely appealed his sentence.[3] The Pennsylvania Superior Court affirmed his sentence on November 23, 2016.[4] Mr. McMillan did not petition for allowance of appeal with the Pennsylvania Supreme Court by the time his thirty-day deadline to do so expired on December 23, 2016.[5]

Mr. McMillan petitioned for relief under Pennsylvania's Post-Conviction Relief Act almost one year later on November 17, 2017, arguing he received ineffective assistance of counsel during his state court proceedings.[6] The Post-Conviction Court denied his petition.[7] Mr. McMillan timely appealed.[8] The Superior Court affirmed the Post-Conviction Court's denial.[9] The Pennsylvania Supreme Court denied Mr. McMillan's timely petition for allowance of appeal on November 30, 2021.[10]

Mr. McMillan petitioned for a writ of habeas corpus on February 11, 2022 along with a request for counsel.[11] We referred the petition to the late Judge Heffley for a Report and Recommendation.[12] Judge Heffley recommended we deny Mr. McMillan's petition as untimely and deny the request for counsel as futile given the untimely petition as a matter of law with no questions of fact.[13]

**II.     Analysis**

Mr. McMillan objects to Judge Heffley's Report and Recommendation.[14] We overrule his objections, adopt Judge Heffley's Report & Recommendation, and deny a certificate of appealability.

Congress in the Antiterrorism and Effective Death Penalty Act "places a one-year period of limitation on all habeas petitions."[15] The "applicable starting point" for Mr. McMillan's one-year statute of limitations "is the date on which the judgment became final."[16] Mr. McMillan's judgment became "final" on the date when direct review concluded or when his time to seek direct review expired.[17] His one-year statute of limitations tolled—*i.e.*, paused—while his petitions for post-conviction relief pended.[18]

Mr. McMillan needed to petition for habeas relief by January 5, 2022. Mr. McMillan's one-year statute of limitations began to run on December 23, 2016, when his judgment became final.[19] His judgment became final on December 23, 2016 because it represented Mr. McMillan's thirty-day deadline to seek the Pennsylvania Supreme Court's review of the Superior Court's November 23, 2016 denial of his direct appeal.[20] Mr. McMillan tolled his one-year statute of limitations when he petitioned for Post-Conviction Act relief 329 days later on November 17, 2017.[21] The tolling ended on November 30, 2021, when the Pennsylvania Supreme Court denied his petition for appeal of his Post-Conviction Act petition.[22] Given the 329 days which had elapsed on Mr. McMillan's one-year statute of limitations, Mr. McMillan had thirty-six days from November 30, 2021 to petition for habeas relief. Congress required he petition for habeas relief by January 5, 2022.[23] Mr. McMillan did not petition for habeas relief until February 11, 2022. Judge Heffley correctly found Mr. McMillan's petition untimely.

3

### A. We overrule Mr. McMillan's objections and adopt Judge Heffley's Report & Recommendation.

Mr. McMillan raises two objections to Judge Heffley's Report & Recommendation: (1) Judge Heffley miscalculated the date on which his judgment became final by failing to consider his ninety days to petition the United States Supreme Court for certiorari; and (2) his time to petition for habeas relief should have tolled for ninety days because he could have petitioned the United States Supreme Court for review of his Post-Conviction Act petition.[24] We disagree on both counts and find Mr. McMillan's habeas petition untimely. We deny a certificate of appealability.

### 1. Mr. McMillan's judgment became final on December 23, 2016.

Mr. McMillan argues his judgment became final on February 22, 2017 and not the December 23, 2016 date found by Judge Heffley.[25] He argues his judgment of conviction became final ninety days after the Pennsylvania Superior Court denied his direct appeal—not thirty days as Judge Heffley found—because he had ninety days to petition the United States Supreme Court for a writ of certiorari. We find Mr. McMillan's judgment became final on December 23, 2016 because Mr. McMillan did not seek the Pennsylvania Supreme Court's direct review.

A judgment does not become final until "the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires."[26] A petitioner has ninety days from the date of the judgment of which the petitioner seeks review to petition the United States Supreme Court for a writ of certiorari.[27] But this ninety-day period is irrelevant to the finality of Mr. McMillan's judgment because Mr. McMillan never sought the Pennsylvania Supreme Court's review of the Superior Court's denial of his direct appeal.

If a petitioner does "not appeal to the State's highest court, his judgment bec[o]me[s] final when his time for seeking review with the State's highest court expired."[28] Mr. McMillan had

4

thirty days from the Pennsylvania Superior Court's affirmance of his judgment to seek the Pennsylvania Supreme Court's review.[29] Mr. McMillan never sought such review. Mr. McMillan forewent "the opportunity to file a petition for a writ of certiorari in the United States Supreme Court" because he never "receiv[ed] an adverse judgment from the Supreme Court of Pennsylvania."[30] So the ninety-day clock to seek the United States Supreme Court's review never started ticking, and Mr. McMillan's judgment became final when his thirty days to seek the Pennsylvania Supreme Court's review expired.[31] Those thirty days expired on December 23, 2016.

      **2.**     **Mr. McMillan's time to petition the United States Supreme Court for a writ of certiorari to review his Post-Conviction petition does not toll the statute of limitations.**

Mr. McMillan next argues we should toll Congress's one-year statute of limitations to seek habeas relief because he had ninety days to seek certiorari from the United States Supreme Court to review the Pennsylvania Supreme Court's denial of his Post-Conviction petition. Unlike Mr. McMillan's first argument regarding the date on which his one-year statute of limitations to seek habeas relief started, this argument addresses whether we should toll his one-year statute of limitations.

Mr. McMillan's argument fails. Judge Heffley correctly applied our Court of Appeals's guidance and found the ninety-day period to seek the United States Supreme Court's review of a Post-Conviction petition does not toll the one-year statute of limitations to seek habeas relief.[32] Mr. McMillan's habeas petition is untimely.

5

### B.     We deny a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[33] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[34] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[35]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. McMillan's constitutional claims because Mr. McMillan's habeas petition is untimely. Mr. McMillan's objections to Judge Heffley's Report & Recommendation lack merit.[36]

### III.    Conclusion

Mr. McMillan's habeas petition is untimely. We overrule his objections to Judge Heffley's Report & Recommendation, adopt the Report & Recommendation, and deny a certificate of appealability.

---

[1] *Commonwealth v. McMillan*, No. 1199 EDA 2020, 2021 WL 2395951, at *2 (Pa. Super. Ct. June 9, 2021), *appeal denied*, 268 A.3d 375 (Pa. 2021).

[2] *Id.*

[3] *Commonwealth v. McMillan*, No. 2490 EDA 2015, 2016 WL 6900842, at *3 (Pa. Super. Ct. Nov. 23, 2016).

[4] *See generally id.*

[5] *McMillan*, 2021 WL 2395951, at *3; Pa. R.A.P. 1113(a).

[6] *McMillan*, 2021 WL 2395951, at *3–4.

[7] *Id.* at *7.

[8] *Id.* at *4.

---

[9] *Id.* at *7.

[10] *Commonwealth v. McMillan*, 268 A.3d 375 (Pa. 2021) (per curiam).

[11] *See* ECF Doc. No. 1 at 19 (postage dated February 11, 2022).

[12] ECF Doc. No. 6.

[13] ECF Doc. No. 12.

[14] ECF Doc. No. 17.

[15] *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (citing 28 U.S.C. § 2244(d)).

[16] *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A).

[17] *Swartz*, 204 F.3d at 419; *see also Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999).

[18] 28 U.S.C. § 2244(d)(2); *see also Swartz*, 204 F.3d at 420.

[19] ECF Doc. No. 12 at 4.

[20] *See, e.g.*, *Pitt v. Mason*, No. 21-834, 2022 WL 2181812, at *3 (E.D. Pa. Apr. 11, 2022) (citing Pa. R.A.P. 1113(a)), *report and recommendation adopted*, No. 21-0834, 2022 WL 2172611 (E.D. Pa. June 16, 2022).

[21] *See* 28 U.S.C. § 2244(d)(2). Judge Heffley found Mr. McMillan tolled his one-year statute of limitations 330 days after it began running. ECF Doc. No. 12 at 5. The correct number is 329 days. In calculating a period, we must "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A); *see also Moore v. Wetzel*, No. 15-293, 2020 WL 9048744, at *8 (W.D. Pa. Sept. 25, 2020). Mr. McMillan's period triggered on December 23, 2016, when his time to seek the Pennsylvania Supreme Court's review expired. We exclude December 23, 2016 in calculating time. *Id.* The period from December 24, 2016 to November 17, 2017—when Mr. McMillan filed his PCRA petition—comprises 329 days. This minor one-day difference does not affect the timeliness of Mr. McMillan's petition, as his petition is still more than one month late.

[22] ECF Doc. No. 12 at 5.

[23] *Id.* Judge Heffley calculated a deadline of January 4, 2022 because she had calculated 330 days of tolling instead of 329. This one-day difference does not change the outcome.

[24] Mr. McMillan also faults Judge Heffley for using the name of another petitioner at one point in her analysis. ECF Doc. No. 12 at 5 (mentioning "Polanco-Cano"). Judge Heffley's analysis is accurate despite this one typographical error.

[25] ECF Doc. No. 17 at 4.

[26] *Kapral*, 166 F.3d at 575.

7

[27] U.S. Sup. Ct. R. 13(1).

[28] *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

[29] *See* Pa. R.A.P. 1113(a).

[30] *Williams v. Tennis*, No. 06-93, 2007 WL 294092, at *1 (W.D. Pa. Jan. 29, 2007).

[31] *See, e.g., Apostolec v. Superintendent Tice*, No. 16-0919, 2016 WL 7242571, at *2–3 (E.D. Pa. Oct. 31, 2016), *report and recommendation adopted sub nom. Apostolec v. Commonwealth of Pa.*, No. 16-919, 2016 WL 7231913 (E.D. Pa. Dec. 14, 2016); *Albritton v. Sauers*, No. 11-0869, 2011 WL 4402138, at *6 (M.D. Pa. Sept. 2, 2011), *report and recommendation adopted*, No. 11-869, 2011 WL 4434261 (M.D. Pa. Sept. 22, 2011); *Fletcher v. Lawlor*, No. 10-5741, 2011 WL 1288689, at *2 (E.D. Pa. Feb. 22, 2011), *report and recommendation adopted sub nom. Fletcher v. Lawler*, No. 10-5741, 2011 WL 1288702 (E.D. Pa. Apr. 5, 2011); *Williams*, 2007 WL 294092, at *1.

[32] *See Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 543 (3d Cir. 2001) ("[W]e hold that the ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year limitations period set forth at 28 U.S.C. § 2244(d)(2).").

[33] 28 U.S.C. § 2253(c)(1)(A).

[34] 28 U.S.C. § 2253(c)(2).

[35] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[36] We need not order an evidentiary hearing. Congress permits evidentiary hearings for section 2254 petitions "only in a limited number of circumstances." *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Mr. McMillan must show, among other things, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Mr. McMillan does not make such a showing because his petition is time-barred.