**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUDRE MCMILLAN** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 22-670** |
| | **:** | |
| **KENNETH EASON, THE ATTORNEY** | **:** | |
| **GENERAL OF THE STATE OF** | **:** | |
| **PENNSYLVANIA, THE DISTRICT** | **:** | |
| **ATTORNEY OF BUCKS COUNTY** | **:** | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **April 24, 2023**

Congress and the Supreme Court have long instructed us on the limits of habeas relief from a valid state court conviction. We today address a habeas petitioner's second challenge to his state court conviction based on ineffective assistance of counsel. We dismissed his first petition on August 18, 2022 as untimely after studying Judge Heffley's recommendation including her dismissal of the same ineffective assistance argument raised today. But the petitioner is not today challenging the underlying merits of his ineffective assistance argument. He is instead asking for us to vacate our August 18, 2022 Order under Federal Rule 60(b)(6) arguing our finding his habeas petition untimely is wrong as a matter of procedural defect. Both we and our Court of Appeals denied him a certificate of appealability on these issues. We agree with him his present Rule 60(b) petition is not a second or successive petition as he is not challenging our August 18, 2022 Order on the underlying merits of his ineffective assistance claim. But he does not demonstrate the extraordinary circumstances justifying relief under Rule 60(b)(6). We deny his motion for Rule 60(b)(6) relief to vacate our August 19, 2022 Order.

I.      **Background**

The Commonwealth charged Qudre McMillan and co-conspirator Kareem Evans with forcible rape and related crimes for sexually assaulting a young woman in August 2014.[1] Attorney Matthew Razzano represented Mr. McMillan at trial.[2] The state court jury found Mr. McMillan guilty of rape by threat of forcible compulsion, robbery by threat of serious bodily injury, robbery by force, terroristic threats, theft by unlawful taking, criminal conspiracy to commit robbery by threat of serious bodily injury, and criminal conspiracy to commit theft on July 13, 2015.[3] Judge Diane E. Gibbons sentenced Mr. McMillan to an aggregate sentence of twenty to forty years incarceration.[4]

*Mr. McMillan appeals and seeks post-conviction relief.*

Mr. McMillan then retained John J. Fioravanti, Jr. as post-trial counsel. Mr. McMillan appealed his conviction to the Pennsylvania Superior Court arguing: 1) the trial court erred in allowing the Commonwealth to introduce evidence Mr. Evans attempted to persuade the complaining witness not to testify, notwithstanding Judge Gibbons's limiting instruction the evidence could only be considered against Kareem Evans and not Mr. McMillan; and, 2) Judge Gibbons erred in permitting the complainant to resume her testimony after she left the courtroom without permission during cross-examination, and spoke with members of the district attorney's office and one of the prosecuting police officers, in violation of the sequestration order.[5] The Superior Court affirmed the conviction on November 23, 2016. Attorney Fioravanti advised Mr. McMillan not to appeal to the Pennsylvania Supreme Court.[6]

Mr. McMillan *pro se* petitioned for post-conviction relief under Pennsylvania's Post-Conviction Relief Act on November 17, 2017.[7] The Post-Conviction Court appointed Attorney Patrick J. McMenamin.[8] Attorney McMenamin filed a "no-merit" letter and withdrew from

representation.[9] Mr. McMillan again retained Attorney Fioravanti. Attorney Fioravanti filed an amended petition under Pennsylvania's Post-Conviction Relief Act arguing: "trial counsel was ineffective for failing to: sever Appellant's case from Evans' case; seek suppression of Appellant's audio-recorded statement to detectives; ask a sufficient number of questions during voir dire; and object to the sentence or file a post-sentence motion to reconsider."[10] The Post-Conviction Court denied Mr. McMillan's petition on May 4, 2020. Mr. McMillan timely appealed to the Pennsylvania Superior Court arguing his trial counsel Attorney Razzano provided ineffective assistance of counsel because he failed to move to suppress Mr. McMillan's statement to detectives, to object to his sentence, and to file a post-sentence motion to reconsider his sentence. The Pennsylvania Superior Court affirmed the denial of post-conviction relief on June 9, 2021.[11] The Pennsylvania Supreme Court denied allowance of an appeal on November 30, 2021.[12]

### *Mr. McMillan moves for habeas relief.*

Mr. McMillan *pro se* petitioned for habeas relief on February 11, 2022 repeating his ineffective assistance of trial counsel claims.[13] We referred the petition to Judge Heffley for a Report and Recommendation.[14] Judge Heffley found Mr. McMillan's petition untimely and recommended we deny it.[15]

Congress enacted a one-year limitations period for federal habeas corpus petitions.[16] The limitations period begins to run on the date the judgment of sentence becomes final in the state courts and is tolled only by a properly filed application for state post-conviction relief or other collateral review.[17] Mr. McMillan mistakenly asserted he had ninety days from the date the Pennsylvania Supreme Court denied review of the denial of his Post-Conviction Relief Act petition to file for a writ of habeas corpus.[18] Mr. McMillan argued in his Reply his "advisory

counsel" Attorney Fioravanti mistakenly informed Mr. McMillan he had ninety days from the Pennsylvania Supreme Court's denial of his Post-Conviction Relief Act to file his habeas petition.[19] Attorney Fioravanti did not represent Mr. McMillan during our federal habeas review.

Judge Heffley found the one-year statute of limitations period for Mr. McMillan to file a federal habeas petition began on December 23, 2016.[20] Mr. McMillan's Post-Conviction Relief Act petition tolled the running of the statute of limitations from November 17, 2017 to November 30, 2021.[21] Mr. McMillan's one-year statute of limitations to file a federal habeas petition finally ran on January 4, 2022.[22] Judge Heffley found Mr. McMillan's February 11, 2022 filing to be thirty-eight days late.[23]

Judge Heffley specifically acknowledged Mr. McMillan's mistaken advice of counsel argument and found "erroneous legal advice is an insufficient basis for equitable tolling."[24] Judge Heffley also noted even if Mr. McMillan timely filed his petition, his "bald claims of ineffective assistance of counsel lack[ ] any sort of factual basis or explanation" and "do not entitle him to habeas relief."[25] Mr. McMillan objected to the Report and Recommendation based on Judge Heffley "misconstru[ing]" or "miscalculat[ing]" the statute of limitations trigger dates.[26] We approved and adopted Judge Heffley's Report and Recommendation and denied Mr. McMillan's habeas petition on August 18, 2022.[27] We found no basis for a certificate of appealability.[28]

Mr. McMillan sought a certificate of appealability from our Court of Appeals challenging our interpretation of the statutory tolling provision under 28 U.S.C. § 2244(a)(1)(A).[29] Our Court of Appeals denied Mr. McMillan's request for a certificate of appealability on January 4, 2023 because "[j]urists of reason would not dispute the District Court's determination" Mr. McMillan's petition is untimely.[30] Our Court of Appeals elaborated "jurists of reason would

agree that Appellant's habeas petition was filed after the statute of limitations had expired and that he has not met his burden to show the extraordinary circumstances and diligence necessary to warrant equitable tolling nor has he made a demonstration of innocence . . . to overcome the time bar."[31]

## II.     Analysis

Mr. McMillan now moves for relief from final judgment under Federal Rule of Civil Procedure 60(b)(6).[32] We must first address whether Mr. McMillan's Rule 60(b) Motion is barred under the successive habeas petition rule of 28 U.S.C. § 2255, and if not, whether he demonstrated "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."[33] We find Mr. McMillan's Motion is not a successive habeas petition because it challenges only the earlier ruling dismissing his habeas petition as untimely and not on the merits.[34] But we find Mr. McMillan fails to establish an "extraordinary circumstance" justifying relief.[35] We deny Mr. McMillan's Motion for further relief.

### A.  The successive habeas petition rule does not bar Mr. McMillan's motion.

Mr. McMillan's Rule 60(b) Motion is not barred by the successive habeas petition rule.[36] Mr. McMillan argues his Rule 60(b) Motion is not "an unauthorized or successive habeas petition" because the Motion does not attack the "substance of the federal court's resolution of a claim on the merits," but attacks "some defect in the integrity of the federal habeas proceedings."[37] Mr. McMillan primarily challenges the "causation of the forfeiture of federal statutory tolling mechanisms for filing deadlines."[38] We agree his Motion is not barred.

Congress, through the Antiterrorism and Effective Death Penalty Act of 1996, mandates before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence previously challenged in a federal habeas action, he must first obtain an

order from the court of appeals authorizing the district court to consider the application.[39]  When "the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."[40] But a Rule 60(b) motion which "seeks to collaterally attack the petitioner's underlying conviction, add a new ground for relief, or challenge the federal court's previous resolution of a claim on the merits is deemed a second or successive petition for writ of habeas corpus," requiring Mr. McMillan first obtain approval from our Court of Appeals before we may consider the merits.[41] "[I]f [Mr. McMillan] attacks the federal court's previous resolution of a claim on the merits" he is bringing an unauthorized second or successive habeas petition because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[42] A motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court which precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion the opposing party committed fraud upon the court.[43]

Mr. McMillan primarily and almost entirely challenges the application of the federal statute of limitations for habeas petitions under 28 U.S.C. § 2244(d). The Supreme Court instructs when "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."[44] The Supreme Court in *Gonzalez* specifically instructed a motion "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description."[45] Mr. McMillan challenges how we applied the statute of limitations, and whether

equitable tolling applies.[46] He does not, as a preliminary matter, challenge our denial of habeas relief on the merits.

Mr. McMillan's Rule 60(b) Motion is not barred as a successive habeas petition, and we will review it on the merits.

### B.  We deny Mr. McMillan's motion under Rule 60(b)(6).

Mr. McMillan argues he meets the extraordinary circumstances requirement of Rule 60(b)(6) because of the affirmative representations by Attorney Fioravanti about the mistaken federal habeas filing deadline.[47] Mr. McMillan contends these misrepresentations prevented him from fully and fairly presenting his habeas claims.[48] We disagree.

A Rule 60(b)(6) motion allows us to relieve a party from final judgment for "any other reason that justifies relief."[49] We narrowly interpret Rule 60(b)(6) as applying only in "extraordinary circumstances where, without such relief, an extreme or unexpected hardship would occur."[50] Such extraordinary circumstances "will rarely occur in the habeas context."[51] Extraordinary circumstances have included "expert testimony linking [a defendant's] race to violence" implying  a defendant "may have been sentenced to death in part because of his race," or a material intervening change in controlling law.[52]

Mr. McMillan does not offer extraordinary circumstances justifying relief under Rule 60(b)(6). Judge Heffley reviewed Mr. McMillan's claim of mistaken advice from Attorney Fioravanti regarding the federal habeas filing deadline.[53] Judge Heffley found "erroneous legal advice is an insufficient basis for equitable tolling."[54] Judge Heffley specifically found equitable tolling did not apply because Mr. McMillan failed to show "some *extraordinary circumstance* stood in his way and prevented timely filing."[55] Mr. McMillan relies on the same mistaken advice of "advisory counsel" to establish extraordinary circumstances for Rule 60(b)(6) relief.

He did not present extraordinary circumstances when Judge Heffley and we reviewed his February 2022 habeas petition. He again does not do so today.[56] We dismiss Mr. McMillan's motion.

### III.    Conclusion

We dismiss Mr. McMillan's Rule 60(b)(6) motion because he has not established extraordinary circumstances justifying relief from a final judgment.

---

[1] *See Commonwealth v. McMillan*, No. 2490 EDA 2015, 2016 WL 6900842 (Pa. Super. Ct. Nov. 23, 2016). Mr. McMillan and Mr. Evans were tried jointly. The facts established at trial and set forth by the trial court can be found at *Id.* at *1–2.

[2] ECF Doc. No. 24 at 2.

[3] *McMillan*, 2016 WL 6900842 at *3.

[4] *Id.*

[5] *Id.*

[6] ECF Doc. No. 24 at 3.

[7] 42 Pa. Cons. Stat. Ann. §§ 9541-9546. *See Commonwealth v. McMillan*, 258 A.3d 511 (Table), 2021 WL 2395951 at *3 (Pa. Super. Ct. June 9, 2021), *appeal denied*, 268 A.3d 375 (Pa. 2021).

[8] *McMillan*, 258 A.3d 511 at *3.

[9] *Id.*

[10] *Id.*

[11] *Id.* at *7.

[12] *Commonwealth v. McMillan*, 268 A.3d 375 (Pa. 2021).

[13] ECF Doc. No. 1. The prison mailbox rule instructs a *pro se* prisoner's habeas application is deemed filed on the date he or she delivers it to prison officials for mailing to the district court, not on the date the application was filed with the court. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). We received Mr. McMillan's petition on February 14, 2022, but Mr. McMillan postmarked it February 11, 2022. ECF Doc. No. 1 at 19.

[14] ECF Doc. No. 6.

[15] ECF Doc. No. 12.

[16] 28 U.S.C. § 2244(d).

[17] *Id.* § 2244(d)(1)(A), (d)(2).

[18] ECF Doc. No. 1 at 16–17. *See also* ECF Doc. No. 10 at 9–12.

[19] ECF Doc. No. 11 ¶ 6.

[20] ECF Doc. No. 12 at 4.

[21] *Id.* at 5.

[22] *Id.*

[23] *Id.* Judge Heffley also found Mr. McMillan did not qualify for equitable tolling. *Id.*

[24] *Id.* at 6–7.

[25] *Id.* at 7, n. 3.

[26] ECF Doc. No. 17.

[27] ECF Doc. Nos. 18, 19.

[28] *Id.*

[29] ECF Doc. No. 21.

[30] ECF Doc. No. 23.

[31] *Id.*

[32] ECF Doc. No. 24.

[33] *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

[34] *See Id.* at 535–538.

[35] *Id.*

[36] 28 U.S.C. § 2244(b).

[37] ECF Doc. No. 24 at 6.

[38] *Id.*

[39] 28 U.S.C. § 2244(b).

[40] *Bell v. Larkins*, No. 99-1985, 2019 WL 11731049, at *2 (E.D. Pa. Jan. 3, 2019) (citing *Gonzalez*, 545 U.S. at 532; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004)).

[41] *Id.* (citing *Gonzalez*, 545 U.S. at 532; *Pridgen*, 380 F.3d at 727).

[42] *Gonzalez*, 545 U.S. at 532 (footnote omitted).

[43] *Id.* at 532 n.5 (footnote omitted).

[44] *Id.* at 533.

[45] *Id.*

[46] ECF Doc. No. 24 at 6.

[47] ECF Doc. No. 24 at 6.

[48] *Id.* (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)).

[49] Fed. R. Civ. P. 60(b)(6).

[50] *Woods v. Mazurkiewicz*, No. 92-4917, 2022 WL 2316173, at *2 (E.D. Pa. June 28, 2022) (quoting *United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)).

[51] *Gonzalez*, 545 U.S. at 535.

[52] *Hogan v. Gillis*, No. 04-957, 2022 WL 4283540, at *1 (E.D. Pa. Sept. 16, 2022) (citing *Buck v. Davis*, 137 S. Ct. 759, 772, 778 (2017); *Gonzalez*, 545 U.S. at 531); *White v. Vaughn*, No. 94-6598, 2022 WL 17993129, at *2 (E.D. Pa. Dec. 29, 2022) ("One potential basis for relief under Rule 60(b)(6) is an intervening change in law that is material to the basis on which we denied habeas relief.").

[53] ECF Doc. No. 12 at 6–7.

[54] *Id.*

[55] *Id.* at 5–6 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (emphasis added)).

[56] Mr. McMillan again attempts to raise the same ineffective assistance of counsel claims he raised in his February 2022 petition. We will not review those claims on the merits because Mr. McMillan has not established extraordinary circumstances justifying opening our August 18, 2022 final judgment denying those claims. Judge Heffley also found the ineffective assistance of counsel claims meritless. *See* ECF Doc. No. 12 at 7, n.3.